IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SALLY HALL,

    Plaintiff,

v.                                                                       Civ. No. 23-1074 DLM/GBW

BRISTOL WEST INSURANCE
SERVICES, INC., OF FLORIDA, *et al.*,

    Defendants.

**<u>ORDER TO SHOW CAUSE REGARDING DIVERSITY JURISDICTION</u>**

THIS MATTER is before the Court *sua sponte*. Defendant Coast National Insurance Company ("Defendant Coast National") removed this case to federal court on December 4, 2023, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* doc. 1 at 2-3. Defendant Coast National's Notice of Removal fails to allege sufficient facts to establish the Defendants' respective states of citizenship.

Federal courts are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Rsrv. Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Therefore, a defendant seeking to remove a case from state court on the basis of diversity jurisdiction bears the burden of establishing that the jurisdictional prerequisites of 28 U.S.C. § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251

F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89–90 (2014); *see* 28 U.S.C. § 1332(a). Prerequisites to a court's exercise of diversity jurisdiction include that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a).

For purposes of § 1332's diversity of citizenship requirement, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and . . . where it has its principal place of business." *Id.* § 1332(c)(1). The Notice of Removal solely alleges that Defendants Coast National and Bristol West Insurance Service, Inc. of Florida are "domiciled" in California and Florida, respectively. *See doc. 1* at 2. This allegation fails to provide either of the required facts for determining a corporation's state of citizenship, namely, the state of its principal place of business and the state in which it is incorporated. *See Amini v. Enter. Leasing Rent A Car Inc.*, No. CIV 00-514 LCS, 2000 WL 36739418, at *2 (D.N.M. Nov. 15, 2000) (finding diversity jurisdiction lacking where the complaint only alleged a corporation's state of incorporation and failed to allege the state of its principal place of business).

Because the Notice of Removal's allegations concerning the citizenship of the Defendants are deficient, the Court is unable to determine that the parties are diverse to each other. Therefore, the Court will require Defendant Coast National to show cause in writing no later than **March 27, 2024,** as to why the Court should not remand the case

to the Twelfth Judicial District Court in Otero County, New Mexico, for lack of diversity jurisdiction.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE